ARTHUR VON LOH, INCOMPETENT, BY HENRY VON LOH ACTING GUARDIAN, APPELLEE, v. CHARLES M. GRAHAM, APPELLANT.

FILED JUNE 24, 1924.   No. 22807.

Contracts: INCOMPETENCY. Evidence examined, and *held* sufficient to sustain the verdict and judgment of the trial court.

APPEAL from the district court for Gosper county: CHARLES E. ELDRED, JUDGE. *Affirmed.*

S. A. Dravo, Stewart, Perry & Stewart, Robert Van Pelt, W. D. Oldham and E. T. Grunden, for appellant.

Roy B. Ford and O. E. Bozarth, contra.

Heard before MORRISSEY, C. J., LETTON, DEAN and DAY, JJ., and REDICK, District Judge.

DAY, J.

Arthur Von Loh, incompetent, by his guardian brought this action against Charles M. Graham to recover a balance of $1,696.13 alleged to be due upon an adjustment of mutual accounts. The defendant filed an answer and cross-petition in which he set out various dealings between himself and the plaintiff, and alleged that upon a balancing of their mutual accounts there was due him from the plaintiff $978.50, for which amount he prayed judgment. The case was tried to a jury, resulting in a verdict and judgment

for the plaintiff for $1,517.02.    Defendant appeals.

It is contended by the defendant that the evidence is not sufficient to support the verdict. The plaintiff's action is predicated upon the theory that, at the time of the business transactions between himself and the defendant, the plaintiff was incompetent and incapable of understanding and appreciating the purport of their dealings; that the defendant took advantage of the plaintiff's mental condition, and induced him to accept from defendant on or about March 1, 1920, the sum of $2,100, which the plaintiff understood to be in the nature of a loan, and which in this accounting the plaintiff concedes should be charged against him. The plaintiff alleges that thereafter on divers dates mentioned in the petition the defendant, who is a grain dealer, induced the plaintiff to deliver to defendant large quantities of grain, and to pay to defendant sums of money, in all aggregating the sum of $3,796.13; that after deducting the $2,100 which plaintiff received there is due the plaintiff the sum of $1,696.13.

The answer and cross-petition of the defendant alleged that he knew nothing of the plaintiff's alleged incompetency; that in dealing with him he appeared to be normal, and capable of understanding the business transactions; that on March 1, 1920, the defendant purchased of the plaintiff 210 acres of growing wheat at the agreed price of $10 an acre, and in payment therefor gave the plaintiff a check for $2,100; that the plaintiff executed a bill of sale for said growing wheat, in which he agreed at his expense to harvest, thresh and deliver the same to the defendant; that thereafter on May 21, 1920, the defendant sold to the plaintiff 65 acres of said growing wheat, and also a one-half interest in the remaining 145 acres for $2,861.50, and took the plaintiff's note for said amount in payment therefor; that to secure the payment of this note the plaintiff executed a mortgage on all of his wheat and on 150 acres of corn.

The defendant also alleges that on March 11, 1921, the plaintiff and defendant had a mutual settlement of their accounts, at which time it was agreed between the parties

that the plaintiff was owing to the defendant $1,906.74, which was settled by a note of that date given by the plaintiff to the defendant. The defendant also alleges that he paid on July 27, 1921, for threshing the wheat $258; that after allowing all payments made by the defendant upon the transaction the defendant claims there is due him $978.50.

The reply of the plaintiff denied the allegations of the answer and cross-petition. During the trial the parties entered into a stipulation as to the value of certain grain delivered by the plaintiff to the defendant, and also stipulated as to the amount of cash which the plaintiff had paid upon his indebtedness. It was admitted that in October or November, 1920, plaintiff delivered to the defendant 1,030 bushels of wheat of the value of $1,442. Thereafter the defendant received cash, or its equivalent, as follows: December 18, 1920, $247.50; March 8, 1921, $273.34; March 22, 1921, $280; May 21, 1921, $190; July 20, 1921, $12.41; August 4, 1921, $1,417.50. It is also stipulated that the defendant paid for the benefit of the plaintiff for threshing, August 8, 1921, $264.79.

The principal controversy arises over the 1,030 bushels of wheat of the value of $1,442. It was the theory of the defendant that this wheat was a delivery to him of his share of the wheat, and that this item should not be considered in the matter of the adjustment of their respective accounts.

Eliminating the question of interest, the defendant's account, from his theory, would be stated as follows: Due from the plaintiff on note, $2,861.50; due for money advanced for threshing, $264.79, a total of $3,126.29; paid by plaintiff on the account, as per the stipulation, $2,420.75, leaving a balance due of $705.54.

The plaintiff's theory was that the 1,030 bushels of wheat, comprising the item of $1,442, was the plaintiff's wheat, and that the amount should be credited upon the plaintiff's indebtedness to the defendant, which indebtedness plaintiff claims was $2,100 and the amount of $264.79 which defendant had advanced for threshing, making a total of $2,364.79. The plaintiff claims that he is entitled to

a credit against this amount of indebtedness of the items stipulated to have been paid as above shown, amounting to $2,420.75, and in addition thereto the item of $1,442 for the 1,030 bushels of wheat delivered in 1920, making a total of $3,862.75. Excluding matters of interest, the account would stand, plaintiff owes the defendant $2,364.79; defendant owes plaintiff $3,862.75, leaving a balance due plaintiff of $1,497.96.

The testimony tends to show that the plaintiff was a man of weak understanding and very illiterate. He had reached the third grade in school, could read but very little, and was unable to compute figures. In detailing the transaction of March 1, 1920, involving the sale of the 210 acres of growing wheat, plaintiff stated that he understood that he was borrowing money on the wheat. While he admitted that his name was signed to the bill of sale, he stated that he had no understanding that he was selling his wheat. Practically the same testimony was given with respect to the execution of the $2,861.50 note, and the settlement which resulted, as the plaintiff claims, in the giving of the $1,906.74 note. The evidence shows that plaintiff was very improvident in conducting his business affairs. It is shown that he received a few thousand dollars from his father's estate, and within three years had accumulated debts contracted to 28 different persons and aggregating more than $24,000. Whether the plaintiff was incompetent to transact business was under all of the circumstances a question for the jury to determine. The testimony clearly shows that he was weak-minded, and one who could be readily induced to enter into improvident contracts. He did not exercise a deliberate judgment in his dealings with the defendant. The case falls within the rule in *Meyer v. Fishburn*, 65 Neb. 626.

The plaintiff's contention was that, if the first transaction is regarded as a loan of money merely, the resale of a one-half interest in the wheat on May 21, 1920, by defendant was void, for the reason that, defendant not being the owner of the wheat, had nothing to sell; and also that the plaintiff did not understandingly enter into this con-

tract.  There is some complication in the statement of the issues to be determined by the jury, but as a whole we think the jury could well have understood the issues presented to them by the court.  It is quite clear from the verdict which was returned that the jury considered that the transaction of March 1, 1920, was a loan, and not a sale as contended by the defendant.  Some criticism is made of the introduction of evidence as to the incompetency of the plaintiff to transact ordinary business, without the witness first having disclosed the facts upon which such conclusion was reached.  In view of the fact, however, that the case was tried upon the theory of the plaintiff's weak-mindedness, and that he was overreached in his business dealings with the defendant, we are of the opinion that there was no prejudicial error in admitting the testimony.

The defendant also contends that the court erred in overruling his demurrer to the petition.  The record shows that on September 14, 1921, the defendant filed a demurrer upon the grounds:  First, that plaintiff has no legal capacity to maintain this action; second, because the petition on its face shows that it is not filed in the name of the real party in interest, or any one legally competent to appear; and, third, because the petition fails to state a cause of action against the defendant.

On October 3, 1921, the demurrer was overruled, and the defendant given 15 days to answer.  On October 24, 1921, on motion of the plaintiff, leave was given to amend the petition by alleging that Henry Von Loh is the regularly appointed, qualified and acting guardian of Arthur Von Loh, incompetent, and that the action be prosecuted in the name of said Arthur Von Loh, incompetent, by his said guardian, which amendment was made instanter.  On the same day the defendant was given leave to answer to the amended petition; and on the same day the defendant filed an answer and cross-petition.  The answer and cross-petition charged, among other things, that the plaintiff has no legal capacity to maintain this cause of action.  As originally filed, the petition was subject to the criticism made in the demurrer, and in the answer.  We think, however,

that the amended petition states a cause of action, and also that it was brought in the name of the proper party.

From a consideration of the entire record, we are of the opinion that no prejudicial error is shown.

The judgment of the district court is, therefore,

AFFIRMED.

Note—See Contracts, 13 C. J. p. 778, sec. 978.